UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————— x
                                                  :   Case No.: 3:18-cv-00804
KENNY DAVID,                                       :
                                                  :
                          Plaintiff,              :
                                                  :
     vs.                                          :   Jury Trial Demanded
                                                  :
NATIONWIDE CREDIT, INC.,                           :   **COMPLAINT**
                                                  :
and DOES 1-10, Inclusive,                          :
                                                  :
                          Defendant.              :
———————————————————— x

Kenny David ("Plaintiff"), by and through undersigned counsel, states as follows:

## JURISDICTION

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendants transact business in this District, Plaintiff resides in this District, and as a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in Plainfield, Connecticut.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6.      Defendant Nationwide Credit, Inc. ("NCI") is a Corporation with its principal place of business located at 1000 Abernathy Road – Suite 200, Atlanta, GA 30328. Defendant may be served with process through their registered agent, Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537.

7.      The principal purpose of the Defendant NCI. is the collection of debts using the mail and telephone.

8.      The Defendant NCI regularly, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      DOES 1-10 (the "Agents") are natural persons who were employed at all times relevant herein by Defendant NCI as collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6). The identities of Defendants Does 1-10 are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

10.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

11.     Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12.     In or around August 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with American Express, in the approximate amount of $ 1278.66.

13.     Sometime thereafter, the debt ("the Debt") was consigned, placed or otherwise transferred to Defendant NCI for collection from Plaintiff.

14.     The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely debt from a personal credit card in the Plaintiff's name.

15.     Sometime after incurring the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

16.     On or before July 18, 2017, the Debt was referred by American Express to the Defendant NCI for the purpose of collections.

17.     Defendant NCI contends that the Debt is past-due and in default.

18.     At the time the Debt was referred to Defendant NCI, the Debt was past-due.

19.     At the time the Debt was referred to Defendant NCI, the Debt was in default.

20.     At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

21.     On or about July 18, 2017, Defendant NCI mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated July 18, 2017 sent by Defendant to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

22.     Defendant NCI mailed the letter dated July 18, 2017 attached as Exhibit A as a part of their efforts to collect the Debt.

23.     Plaintiff received the letter attached as Exhibit A in the mail.

24.     Plaintiff read the letter attached as Exhibit A upon receipt of the letter in the mail.

25.     Exhibit A was sent in connection with the collection of the Debt.

26.     Exhibit A conveyed information regarding the Debt including the Account Balance, Defendant's internal account number for the Plaintiff's Debt, and a demand for payment.

27.     In June 2017 Plaintiff retained an attorney to represent Plaintiff on various outstanding debts.

28.     On or about August 16, 2017 Plaintiff placed a call from his cell phone number 860-XXX-1062 to Defendant NCI's telephone number 678-293-9702 at approximately 3:55 p.m. to instruct the Defendant NCI that the Plaintiff had retained counsel on the debts Defendant NCI was trying to collect.

29.     Upon information and belief, Defendants explained that it was attempting to collect a debt from Plaintiff in the phone call, and that the phone call itself was a debt collection attempt.

30.     Plaintiff stated to Defendants that he had retained the attorney to advise him as to this debt and provided the Defendants with the attorney's name and telephone number.

31.     Upon receiving notice that Plaintiff was represented by an attorney with respect to the Debt, the Defendants were prohibited from making any further communication whatsoever with Plaintiff pursuant to 15 U.S.C. § 1692c.

32.     Instead of ending the phone call after the Defendants were told the Plaintiff was represented by an attorney, the Defendants told the Plaintiff that he could settle the Debt for 50 percent of the account balance and inferred that this would clear up any negative information about the account on the Plaintiff's credit report if the Plaintiff made lump sum payment "now over the telephone."

33.     Plaintiff never entered into any agreement whereby he consented to arbitrate disputes with the Defendants.

34.     Defendants' collection activity has caused Plaintiff to incur actual damages, including but not limited to confusion, stress, and anxiety.

### *Respondeat Superior Liability*

35.     The acts and omissions of these individual Defendants Does 1-10 and the other debt collectors employed as agents by Defendant NCI who communicated with Plaintiff as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCI.

36.     The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCI in collecting consumer debts.

37.     By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant NCI.

38.     Defendant NCI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Connecticut law, in their attempts to collect this debt from Plaintiff.

39.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et *seq.*

40.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41.     In their attempts to collect the alleged debt form Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited, the following:

    a.  Attempting to collect a debt from Plaintiff after Defendants knew Plaintiff was represented by counsel with respect to the subject debts, in violation of 15 U.S.C. § 1692c, and,

    b.  Engaging in harassing, abusive, deceptive, and unconscionable conduct in an attempt to collect a debt, including but not limited to, disregarding the fact that Plaintiff was represented by an attorney in the Defendant's attempt to have the Plaintiff pay for the

debt in a lump sum amount over the phone after the Plaintiff notified the Defendants that

he was represented by an attorney, in violation of 15 U.S.C. §§ 1692d,e,f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

A. Such other relief as the Court may deem just and proper.


Dated May 10, 2018                                         Respectfully submitted,



                                                    /s/ Kenneth R. Davison
                                                    Kenneth R. Davison, Esq. (ct29644)
                                                    Action Advocacy PC
                                                    One Crouch Street
                                                    Groton, CT 06340
                                                    Telephone: (860) 449-1510
                                                    Facsimile: (860) 449-8046
                                                    Email: ken@actionadvocacy.com
                                                    Counsel for Plaintiff

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Kenny

**DEFENDANTS**

Nationwide Credit, Inc.

**(b)** County of Residence of First Listed Plaintiff    Hartford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See Attachment

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❑ 2   U.S. Government Defendant
- ❑ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane    ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability    Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel &    ❑ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers'    Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ❑ 368 Asbestos Personal Injury Product | | ❑ 840 Trademark | ❑ 460 Deportation |
| | ❑ 340 Marine    Liability | | | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 345 Marine Product Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 350 Motor Vehicle    ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 355 Motor Vehicle    ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | Product Liability    ❑ 380 Other Personal | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ❑ 196 Franchise | ❑ 360 Other Personal Injury    Property Damage | ❑ 751 Family and Medical | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| |    ❑ 385 Property Damage | Leave Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| | ❑ 362 Personal Injury -    Product Liability | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information Act |
| | Medical Malpractice | ❑ 791 Employee Retirement | | |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights    **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 220 Foreclosure | ❑ 441 Voting    ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment    ❑ 510 Motions to Vacate Sentence | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations    ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment    ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other    **Other:** | ❑ 462 Naturalization Application | | |
| |    ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | ❑ 448 Education    ❑ 550 Civil Rights | | | |
| |    ❑ 555 Prison Condition | | | |
| |    ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❑ 2   Removed from State Court
- ❑ 3   Remanded from Appellate Court
- ❑ 4   Reinstated or Reopened
- ❑ 5   Transferred from Another District *(specify)*
- ❑ 6   Multidistrict Litigation - Transfer
- ❑ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692(k) – Fair Debt Collection Practices Act

Brief description of cause:
Violations of the Fair Debt Collection Practices Act by a Debt Collector

## VII. REQUESTED IN COMPLAINT:

- ❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
25,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
05/10/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kenneth R. Davison

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____